UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CORNELL MCKENZIE,<br>*Defendant.* | Case Number 1:91-cr-429 |

MEMORANDUM OPINION AND ORDER

Before the Court is defendant Cornell McKenzie's Supplemental Motion to Reduce Sentence Pursuant to § 404 of the First Step Act of 2018 (hereinafter "the First Step Act"). ECF No. 282. The government has filed an opposition (ECF No. 286) and the defendant has filed a reply (ECF No. 287). The Court has reviewed the pleadings and determined that a hearing is not necessary. For the reasons set forth below, defendant's motion will be granted.

**I. BACKGROUND**

On February 4, 1992, Mr. McKenzie was convicted at trial of five counts:

- Count 1: conspiracy to distribute 50 grams or more of cocaine base (21 U.S.C. § 846, with a statutory penalty of mandatory life);

- Count 2: continuing criminal enterprise ("CCE") (21 U.S.C. § 848, with a statutory penalty of 30 years to life);

- Count 3: possession of a firearm by a convicted felon (18 U.S.C. § 922(g), with a statutory penalty of not more than 10 years); and

- Counts 4 and 5: possession with intent to distribute 50 grams or more of cocaine base (21 U.S.C. § 841, with a statutory penalty of mandatory life).

*See* Presentence Investigation Report ("PSR"), ECF No. 162, ¶ 1. On April 3, 1992, the Honorable Albert V. Bryan, Jr., imposed a sentence of 120 months on Count 3 and three concurrent mandatory

life sentences on Counts 2, 4, and 5.[1] On appeal, the Fourth Circuit affirmed Mr. McKenzie's convictions, and his subsequent collateral motions were denied.

In May 2019, Mr. McKenzie filed a motion for a sentence reduction under § 404 of the First Step Act. ECF No. 191. The motion was denied by the Honorable Liam O'Grady, who concluded that Mr. McKenzie was "unfortunately" ineligible for a reduction to his life sentence on Count 2 because sentences imposed under 21 U.S.C. § 848(a)[2] are not tied to "any particular type or quantity of drug" and thus the Fair Sentencing Act did not "amend the statutory range for a conviction" under that section. ECF No. 196 at 4-5. Judge O'Grady then expressed regret that this legal avenue foreclosed relief for Mr. McKenzie:

> The record reflects that Mr. McKenzie is a different person than the one convicted of these serious crimes almost 25 years ago. He has been a model prisoner, and has sought out many opportunities to better himself through BOP sponsored activities. He obtained his GED in 1994, and has taken many vocational courses so that he may obtain employment when released. He has also become an accomplished artist and mentored hundreds of fellow inmates in art programming. He would like to work in web design when released. The Court hopes that he will be paroled in the future through a different legal avenue.

*Id.* n.3. Finally, Judge O'Grady held that he need not determine whether the defendant's life sentences on Counts 4 and 5 "can or should be reduced" under the First Step Act, since the reduction on Count 2 must be denied. *Id.* at 5.

Mr. McKenzie subsequently appealed this decision, and in August 2021, the Fourth Circuit placed the case in abeyance pending its decisions in two upcoming cases, including *United States v. Thomas*. *See* ECF No. 53, No. 19-7123 (4th Cir. Aug. 18, 2021). In May 2022, the Fourth Circuit

---

[1] Judge Bryan dismissed Count 1 because it was "subsumed" as a lesser included offense into Count 2. *See* PSR ¶ 1.

[2] The parties disputed whether Judge Bryan imposed a life sentence for Count 2 based on § 848(a) or § 848(b). Judge O'Grady made a finding that Mr. McKenzie was sentenced to life under § 848(a), and thus did not face § 848(b)'s statutory mandatory life provision. ECF No. 196 at 4-5.

decided *Thomas*, holding that 21 U.S.C. §§ 848(a) and (c) are not "covered offenses" (i.e., offenses whose statutory penalties were modified by the Fair Sentencing Act) under the First Step Act. 32 F.4th 420, 423-430 (4th Cir. 2022).

Mr. McKenzie's case was again placed in abeyance in September 2023 pending the Court's decision in *United States v. Richardson*. *See* ECF No. 56, No. 19-7123 (4th Cir. Sept. 19, 2023). In *Richardson*, the Fourth Circuit determined that a defendant convicted of a "covered" offense is not automatically precluded from a sentence reduction where the sentence imposed included a "noncovered offense." 96 F.4th at 665. Instead, "a district court has the discretion to reduce both covered and noncovered offenses under the First Step Act if they function as a package." *Id.*

Based on this decision, Mr. McKenzie filed an unopposed motion to vacate Judge O'Grady's prior order and remand to the district court. *See* ECF Nos. 280, 281. While a decision was pending, this matter was reassigned to the undersigned on March 20, 2024, due to Judge O'Grady's retirement. On April 19, 2024, the Fourth Circuit granted the defendant's motion, remanding the case to the district court "to determine whether to impose a reduced sentence, pursuant to *United States v. Richardson*." *See* ECF No. 61-1. On May 13, 2024, defendant filed the instant motion, asking this Court to revisit Judge O'Grady's earlier decision and determine whether Mr. McKenzie's sentence should now be reduced in light of *Richardson*.

## II.     LEGAL STANDARD

In 2010, the Fair Sentencing Act changed the weight thresholds triggering certain statutory penalties for cocaine base offenses under 21 U.S.C. §§ 841(b)(1)(A)(iii) & (B)(iii) (from 50 grams to 280 grams and 5 grams to 28 grams, respectively). *See* Pub. L. No. 111- 220, § 2, 124 Stat. 2372 (2010). In 2018, section 404(b) of the First Step Act gave retroactive effect to the Fair Sentencing Act, allowing courts to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing

Act of 2010 were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018).

District courts are not required to reduce a sentence pursuant to § 404 but have the discretion to do so. *See Concepcion v. United States,* 597 U.S. 481, 500 (2022) ("Federal judges exercising sentencing discretion have always considered a wide variety of aggravating and mitigating factors," "consider every convicted person as an individual," and "may appropriately conduct an inquiry broad in scope"). A court choosing to exercise its discretion to reduce a defendant's sentence under the First Step Act must consider the factors outlined in 18 U.S.C. § 3553(a) as well as "post-sentencing mitigating evidence." *United States v. McDonald*, 986 F.3d 402, 411 (4th Cir. 2021).

For sentences that involve both covered and noncovered offenses, the central question is whether the offenses "function as a package." *Richardson*, 96 F.4th at 665. The sentencing package doctrine accounts for the "holistic approach" used by district courts in sentencing and recognizes that sentencing for multi-count convictions is an "inherently interrelated, interconnected, and holistic process." *Id.* (citing *United States v. Ventura,* 864 F.3d 301, 309 (4th Cir. 2017)). In *Richardson*, the appellate court reiterated district courts' broad discretion in sentencing decisions, concluding that "we align with the approach that gives district judges the most flexibility in determining whether the counts function as a package." *Id* at 666.

III.  ANALYSIS

    A. Mr. McKenzie's Sentence Functioned as a Package.

Under the First Step Act, district courts have the authority to reduce a defendant's sentence for a "covered offense." Whether or not an offense is covered turns on whether the Fair Sentencing Act "modified [its] statutory penalties." *Terry v. United States*, 593 U.S. 486, 392 (2021). In

Mr. McKenzie's case, Counts 4 and 5 (possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841) are indisputably "covered" offenses. *See* ECF No. 286 at 5. The parties also do not dispute that Count 2 (a violation of 21 U.S.C. § 848) is not a covered offense. *See Thomas,* 32 F.4th at 423-430. However, the Fourth Circuit's latest guidance allows district courts to reduce a sentence for such a noncovered offense when the sentence was packaged together with a sentence for a covered offense. *Richardson*, 96 F.4th at 665.

In remanding *Richardson*, the Fourth Circuit noted that a "district judge is best suited to determine in the first instance whether she sentenced defendant's charges as a package." *Id.* The court nonetheless observed several "hints in the record" (including the indictment and the Sentencing Guidelines calculation) that defendant Richardson's counts did not "represent freestanding sentences distinct from each other." *Id.* at 669 (noting that defendant's CCE and distribution offenses involved interconnected conduct and grouped under the Guidelines). Importantly, the court clarified that these "hints are not exhaustive," and that "this opinion does not suggest that for a noncovered offense to qualify for resentencing it is *necessary* it be part of a package, we simply state that it is *sufficient* for a noncovered offense that formed a package to qualify for resentencing." *Id.* at 669 n.12.

In the instant case, Mr. McKenzie was originally sentenced by one judge; his first reduction motion was denied by a second judge; and his instant motion is now being considered by a third judge. Moreover, at the time of Mr. McKenzie's 1992 sentencing, the Guideline ranges were mandatory. *See United States v. Booker*, 543 U.S. 220 (2005) (holding that Sentencing Guidelines ranges are no longer binding on district courts). This explains why, at the very brief sentencing hearing, neither party's counsel presented any argument and Judge Bryan noted: "Unfortunately, we don't have a great deal of leeway in this case." Sentencing Transcript at 2. The transcript also

indicates that Judge Bryan viewed Mr. McKenzie's sentence on Counts 2, 4, and 5 as a *single* combined sentence:

> I find that these grouped offenses have an offense level total of 49,³ with a criminal history category of Roman numeral V. This results in *a sentence of life*, a supervised release term of 2 to 3 years, which in light of a life sentence is probably academic, and a fine of between $25,000 and $250,000. … On *Counts 2, 4, and 5*, it will be the sentence of this Court that the defendant be committed to the custody of the attorney general of [sic] his authorized representative for imprisonment for life, those sentences to run concurrently.

Sentencing Transcript at 3-5 (emphasis added).

Given these facts, the Court finds *United States v. Russell* from this district to be especially instructive. ___ F. Supp. 3d ___, Case No. 1:97-cr-382-1, 2024 WL 1574923 (E.D. Va. Apr. 15, 2024). In *Russell*, Judge Walker was similarly "called upon to determine what *another* judge intended" at sentencing, and defendant Russell's original sentencing judge was similarly required to impose a life sentence on both the covered and noncovered offenses based on a pre-*Booker* mandatory Guideline range of life. *Id.* at *8-9 (noting that, because the Guidelines were mandatory, the original sentencing judge "said very little at the defendant's sentencing hearing about the reasons for his sentence"). Using the "hints" provided by *Richardson*, Judge Walker concluded that Russell's "sentence must have functioned as a package" because the counts were interconnected, the covered and noncovered offenses were grouped in the Guidelines calculation, and the sentencing judge imposed concurrent sentences. *Id.* at *9-12.

As elaborated below, it is similarly clear that Mr. McKenzie's sentences were intended to function as a package: (1) Mr. McKenzie's indictment indicates that the offenses were

---

³ As discussed below, this offense level calculation was incorrect. *See* infra § III.B.

"interconnected," (2) the offenses were grouped together under the Sentencing Guidelines, and (3) Judge Bryan imposed concurrent sentences for the counts of conviction.

First, as in *Richardson* and *Russell*, there is a factual relationship between Mr. McKenzie's covered and noncovered offenses. The indictment indicates that the § 848 violation (Count 2) was predicated on the "covered" § 841 violations (Counts 4 and 5). Specifically, Count 2 charges that Mr. McKenzie "unlawfully, knowingly, and intentionally engaged in a Continuing Criminal Enterprise, in that CORNELL MCKENZIE committed violations of Title 21, United States Code, Sections 841(a)(1), 845a(a), and 846, including, but not limited to, those violations alleged in Counts 1, 4 and 5, set forth in this indictment."[4] ECF No. 183-1. This connection of the charges in the indictment provides a strong indication that the counts and offense conduct were interconnected.

Second, as in *Richardson* and *Russell*, the Sentencing Guidelines required that Mr. McKenzie's covered drug offenses be grouped together with his § 848 CCE offense. *See* U.S.S.G. § 2D1.5 n.4 ("Violations of 21 U.S.C. § 848 will be grouped with other drug offenses for the purpose of applying Chapter 3, Part D (Multiple Counts)."). The Guidelines further required that the base offense level for Count 2 be calculated as the greater of either 38 or "4 plus the offense level from §2D1.1 applicable to the underlying offense," i.e., Counts 4 and 5. U.S.S.G. § 2D1.5(a). This grouping under the Guidelines is another indication that Mr. McKenzie's covered and noncovered offenses were interconnected and interdependent—and would have been treated as such at sentencing. *See Richardson*, 96 F. 4th at 669 (quoting *United States v. Curtis*, 66 F.4th 690

---

[4] As noted above, the conspiracy count (Count 1), a violation of 21 U.S.C. § 846, was dismissed.

(7th Cir. 2023) (noting that the "most common way to show interdependence would be to see if the counts were grouped for sentencing") (cleaned up)).

Third, as in *Russell*, Judge Bryan chose to impose concurrent sentences for each count before him, further underscoring his intent for Mr. McKenzie's sentence to function as a package. Mr. McKenzie faced a statutory-mandatory ten-year minimum on Count 3, a Guidelines-mandatory life term on Count 2 (statutory range 30 years to life), and statutory-mandatory life terms on Counts 4 and 5. Judge Bryan's only exercise of discretion in this case was whether to impose the mandatory life sentences concurrently or consecutively. *See Russell*, ___ F. Supp. 3d at *8 ("When a judge sentences a defendant to life in prison on one charge, whether the sentences on additional charges are concurrent or consecutive is primarily symbolic.") (citing *United States v. Grant*, 9 F.4th 186, 215 (3d Cir. 2021)). Judge Bryan's choice to impose concurrent sentences suggests his intent "to sentence the defendant as a 'whole person,' rather than doling out punishment for each crime piecemeal," and supports the conclusion that Mr. McKenzie's sentence functioned as a package. *Id.* at *12 (citations omitted).

The government concedes the three factors noted above, yet cautions this Court against "overreliance" on these factors when determining whether Count 2 was part of a sentencing package. ECF No. 286 at 9. Instead, it contends that the "most direct and valuable evidence" that Mr. McKenzie's § 848 sentence is "freestanding and distinct" is the fact that Count 2 required a Guidelines-mandatory life sentence "totally independent of the other offenses and totally independent of the grouping." ECF No. 286 at 7-10. Indeed, without citation to any case law or evidence in the record, the government asserts that the life sentences for the two covered offenses "ha[d] zero bearing" on the § 848 life sentence and thus did not function as a sentencing package. *Id.* at 7.

The Court is hard pressed to make sense of this argument. Whether the sentences on the covered and noncovered offenses had any "bearing" on each other is precisely the question this Court is tasked to answer. The potential penalty for a single offense, standing alone, tells the Court nothing about how the sentencing judge conceived of the sentence when considering the interrelationship of multiple counts at once.[5] Importantly, the government's argument here is similar to one raised by the government—and rejected by the court—in both *Richardson* and *Russell*. *See Richardson*, 96 F.4th at 668 ("The government argues Richardson's CCE and crack distribution offenses do not function as a package because the conduct on the CCE offense was a violent criminal enterprise which was discrete from crack distribution conviction."); *Russell*, ___ F. Supp. 3d at *12 ("The government argues that because the defendant's Guidelines range for all three counts of conviction was life, his ultimate Guidelines range and sentence was not disproportionately intertwined or driven by the covered offense.") (cleaned up). This Court adopts in full the reasoning set forth by Judge Walker in *United States v. Russell* on this question, *see id.* at *12-18, and for the reasons set forth therein, similarly concludes that Mr. McKenzie's sentence on the covered and noncovered offenses clearly functioned as a package and this Court has the authority to reduce his overall sentence.

**B. Mr. McKenzie's Guideline Range is 360 Months to Life.**

A district court considering a sentence reduction motion under the First Step Act must first recalculate the defendant's Guideline range "as if the Fair Sentencing Act's amendments had been in place at the time of the offense." *See Concepcion*, 597 U.S. at 498 n.6. "A district court cannot,

---

[5] This Court notes that *Richardson* tasked the district judge with "determining *whether the noncovered counts were interrelated* when she initially sentenced the defendant," adding that she "*might* consider whether the noncovered offenses represent a freestanding and distinct sentence from that of the covered offenses, or whether the sentence reflects an attempt to achieve an overall sentence without regard to the component parts." 96 F.4th at 669 (cleaned up) (emphasis added). In other words, whether a sentence was freestanding and distinct is another factor that the court may consider, but is not, as the government claims, "dispositive." ECF No. 286 at 7.

however, recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act." *Id.* "Arguments based on other changes in law must be considered *after* determining the benchmark Guidelines range that will anchor the proceeding." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023) (cleaned up) (holding that the district court should not have considered the impact of a *Simmons* error on the Guideline range until after calculating the appropriate starting point).

The government and defendant disagree on Mr. McKenzie's Guideline range after all retroactive applications are given effect. Specifically, the parties disagree on whether Mr. McKenzie should have received a one-level enhancement under § 2D1.2 for drug activity near a school. The defendant argues that this was a mistake at the time of the original sentencing, because the cross reference to § 2D1.2 should not have occurred once the conspiracy count (Count 1) was dismissed by the court. *See* ECF 287 at 12 & n.4 (citing *United States v. Locklear*, 24 F.3d 641, 648 (4th Cir. 1994) (holding that § 2D1.2 is not intended to increase offense a base level from § 2D1.1)). After consulting with the United States Probation Office, this Court agrees with the defendant that the school enhancement should not have applied at the time of sentencing. *See* Probation Worksheet, ECF No. 288, at 2 n.2.

The remaining question before the Court is whether it can consider this error before or after calculating Mr. McKenzie's "benchmark" Guideline range. The Court finds that Mr. McKenzie's situation is distinct from the one presented in *Troy* because here, the "error" does not result from a retroactive application of a change in intervening law. Rather, the error resulted from a miscalculation at the time of sentencing (i.e., the Probation Office's misapplication of the § 2D1.2 cross-reference).[6] *Locklear*, while not decided until after Mr. McKenzie's sentencing, did not

---

[6] Had this error been caught at the time of the original sentencing, it would not have changed Mr. McKenzie's sentencing range of life.

announce a change in the law but rather clarified how a specific Guideline provision should be applied. As such, the Court finds it appropriate to correct this error before recalculating Mr. McKenzie's benchmark Guideline range.

Accordingly, after giving effect to the Fair Sentencing Act, Mr. McKenzie would face (1) a statutory penalty range of 30 years to life on Count 2 and 10 years to life on Counts 4 and 5; and (2) a Guidelines range of 360 months to life[7] on the grouped counts (based on a base offense level of 36, plus 4 levels for the § 848 offense, plus 2 levels for the weapon, for a total offense level of 42 and a criminal history category of IV). *See* Probation Worksheet, ECF No. 288.

### C. A Sentence Reduction to Time Served is Appropriate.

Having established that Mr. McKenzie's sentence functioned as a package and that the anchoring Guideline range is 360 months to life, this Court has considered all of the § 3553(a) factors, as well as Mr. McKenzie's post-sentencing conduct and mitigating evidence, and now concludes that a sentence of time served (i.e., 32 years) is appropriate. The government asserts, and the Court does not deny, that Mr. McKenzie's offense conduct was serious. Notwithstanding the seriousness of the offense, there is ample evidence that Mr. McKenzie has adequately accepted responsibility, confronted his mistakes, and genuinely worked towards rehabilitation.

Mr. McKenzie has now spent more than half of his life in prison for crimes he committed when he was nineteen to twenty-three years old. Mr. McKenzie has earned his GED, taken numerous vocational courses, and completed life and job skills programs, including for parenting, career planning, and Victim Impact. Moreover, he has used his passion for the arts to mentor hundreds of other inmates and developed a donation program based on their handmade products.

---

[7] If the Court is incorrect in its determination that the error in the original PSR should be corrected before calculating the Guideline range, the "benchmark" Guideline range would then be life. Notwithstanding this higher benchmark, the Court's ultimate conclusion—that Mr. McKenzie's sentence should be reduced to time served—would remain unchanged.

Five years ago, Judge O'Grady recognized that Mr. McKenzie was dedicated to his rehabilitation and building a better life for himself upon release. Today, it is apparent to this Court that Mr. McKenzie deserves the chance to do so. Additional time in prison would not serve the purposes of sentencing outlined in 18 U.S.C. § 3553(a). Finally, the Court has considered Mr. McKenzie's release plan and finds it appropriate. ECF No. 282 at 8.

## IV. CONCLUSION

Accordingly, for the forgoing reasons, it is hereby

ORDERED that defendant's motion (ECF No. 282) is GRANTED, and it is further

ORDERED that Mr. McKenzie's previously imposed sentence of life imprisonment on Counts 2, 4, and 5, to run concurrently, is hereby REDUCED to TIME SERVED as to Counts 2, 4, and 5. All other provisions of the April 3, 1992, judgment, including conditions of release, shall remain in effect; and it is further

ORDERED that, if a release plan has not otherwise been established, the defendant shall spend the first three months of the term of supervised release at a Residential Reentry Center ("RRC"), and shall remain at the RRC for up to six (6) months or until he can secure housing that has been approved by the U.S. Probation Office. While at the RRC, the defendant shall abide by all the rules of the facility.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion and Order to all counsel of record and to the Federal Bureau of Prisons.

IT IS SO ORDERED.

/s/
Michael S. Nachmanoff
United States District Judge

July 1, 2024
Alexandria, Virginia